UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Elsa Maria Zuna Bravo,
        Petitioner

        v.                              Case No. 26-cv-386-SM-TSM
                                        Opinion No. 2026 DNH 065

Superintendent, Strafford County
Dept. of Corrections, et al.,
        Respondents


**O R D E R**


Petitioner is a civil immigration detainee from Brazil who seeks an order directing respondents to release her immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide her with a prompt, constitutionally-adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  On May 15, 2026, the respondents were directed to show cause why the court should not issue an order granting Bravo's petition to the extent it seeks an order directing them to grant her a bond hearing based upon her apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or her similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The respondents filed their response to the order to show cause on May 22, 2026, in which they maintain that Destino and Guerrero Orellana were wrongly decided, assert that Bravo is subject to mandatory detention pursuant to 8 U.S.C. § 1225, and object to the court granting the relief she seeks. See Response to Order to Show Cause (document no. 5). Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case.

## Conclusion

The respondents have failed to show cause why the court should not order them to afford Bravo a bond hearing before an immigration judge (IJ). Because the court concludes that the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide Bravo with a constitutionally-adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to either: (1) prove by a preponderance that Bravo is a flight risk; or (2) prove by clear and convincing evidence that she poses a danger to the community. See Destino, 2025 WL 4010424 at *8. See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of her removal proceedings.

To the extent Bravo seeks an order directing her immediate release, that request is denied without prejudice.  The court finds that a bond hearing before an IJ is sufficient to protect her rights at this stage.

The government shall file a status report within fourteen days.

    **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 1, 2026

cc:  Counsel of Record